IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN SCOGGINS,                           07-CV-1888-BR

        Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.


TIM D. WILBORN
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2113

                Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff John Scoggins seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which he denied Plaintiff's application
for Disability Insurance Benefits (DIB) under Title II of the
Social Security Act.[1]  Plaintiff seeks an order reversing the
decision of the Commissioner and remanding this action for an
award of benefits.

        This Court has jurisdiction to review the Commissioner's
decision pursuant to 42 U.S.C. § 405(g).  Following a review of
the record, the Court **AFFIRMS** the decision of the Commissioner
and **DISMISSES** this matter **with prejudice.**


                **ADMINISTRATIVE HISTORY**

_____

        [1] The Commissioner also denied Plaintiff's application for
Supplemental Security Income (SSI) disability benefits, but
Plaintiff concedes in his Opening Brief that he does not qualify
for SSI because his wife works.  The Court, therefore, addresses
only the denial of DIB.

2 - OPINION AND ORDER

Plaintiff filed an application for DIB on May 15, 2002, alleging a disability onset date of May 12, 2001.  Tr. 78-81.[2] The application was denied initially and on reconsideration. Tr. 38, 45.  An Administrative Law Judge (ALJ) held a hearing on December 15, 2005.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a lay witness, and a vocational expert (VE) testified.  Tr. 330-70.

The ALJ issued a decision on March 31, 2006, in which she found Plaintiff was not disabled.  Tr. 19-32.  Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on March 31, 2006.


## BACKGROUND

Plaintiff was born on April 22, 1958; was 44 years old on September 30, 2002, the date his insured status expired;[3] and was 47 years old at the time of the last hearing before the ALJ.  Tr. 130-33, 334.  Plaintiff received his GED.  Tr. 334. Plaintiff has past relevant work experience as a carpenter and construction worker.  Tr. 29, 356.

_____

[2] Citations to the official transcript of record filed by the Commissioner on April 3, 2008, are referred to as "Tr."

[3] Plaintiff must establish he was disabled as of his date last insured.  42 U.S.C. § 423(a)(1)(A).  *See also* 20 C.F.R. § 404.131; *Thomas v. Barnhart*, 278 F.3d 847, 954-55 (9th Cir. 2002)(a DIB claimant must establish his period of disability began while he was insured for DIB).

Plaintiff alleges disability due to a right knee injury, peroneal neuropathy, bilateral tinnitus, hearing loss, stenosis of the cervical spine, arthorsis and degeneration of the shoulder joint, and severe headaches.  Tr. 78, 85, 105.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 25-28.


### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson*, 359 F.3d at 1193.

4 - OPINION AND ORDER

"Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial
gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*,
454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R.
§ 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments. *Stout*, 454 F.3d
at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commis-
sioner determines the claimant's impairments meet or equal
one of a number of listed impairments that the Commissioner
acknowledges are so severe as to preclude substantial gainful
activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R.
§ 404.1520(a)(4)(iii). The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404,
subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's RFC. The claimant's RFC is an assessment
of the sustained, work-related physical and mental activities the
claimant can still do on a regular and continuing basis despite
his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec.
Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8
hours a day, for 5 days a week, or an equivalent schedule." SSR
96-8p, at *1. In other words, the Social Security Act does not

6 - OPINION AND ORDER

require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R.

§ 404.1520(g)(1).

**<u>ALJ'S FINDINGS</u>**

At Step One, the ALJ found Plaintiff did not engage in substantial gainful activity from May 12, 2001, through September 30, 2002, the date on which his disability insured status expired.  Tr. 30.

At Step Two, the ALJ found Plaintiff has severe impairments of "status-post total right knee replacement in December 2002," chronic peroneal neuropathy "about the fibular head . . . of the right lower extremity," bilateral tinnitus, correctable high-frequency sensorineural hearing loss, C3-7 foraminal and canal stenosis "status post remote stable C5-6 fusion," arthorsis and degenerative changes about the acromioclavicular joint in the right shoulder, and severe headaches after December 2003. Tr. 25.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed Plaintiff's RFC before his September 30, 2002, date last insured and found Plaintiff could sit for a total of six hours in an eight-hour day, stand or walk for a total of two hours in an eight-hour day, and lift and carry ten pounds occasionally and less than ten pounds frequently.  Tr. 30-31.  In addition, the

8 - OPINION AND ORDER

ALJ found Plaintiff should not have "over-the-shoulder activities," tasks to perform on uneven surfaces, rapid movements of the head, or "pedal use with the right lower extremity." Tr. 31.  The ALJ found Plaintiff was not capable of maintaining a forty-hour work week after December 8, 2003, which is after Plaintiff's date last insured.  Tr. 31.

At Step Four, the ALJ found Plaintiff was not able to perform his past relevant work before his September 30, 2002, date last insured.  Tr. 31.

At Step Five, the ALJ found Plaintiff was capable of performing jobs that exist in significant numbers in the local and national economies before his date last insured.  Tr. 31. Accordingly, the ALJ concluded Plaintiff was not disabled before his date last insured and, therefore, is not entitled to DIB. Tr. 31.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony, (2) improperly rejected lay-witness testimony, and (3) posed an incomplete hypothetical to the VE.

**I.    The ALJ did not err when she rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ determined Plaintiff's testimony regarding his symptoms were not fully credible as to his physical condition before his September 30, 2002, date last insured.  At the hearing before the ALJ, Plaintiff testified severe headaches prevented

10 - OPINION AND ORDER

him from working.  Tr. 357.  The ALJ noted, however, that the
record contains only one reference to serious headaches before
Plaintiff's date last insured, and those headaches were the
result of meningitis and were completely resolved within weeks by
taking antibiotics.  Tr. 28.  The ALJ found the facts that
Plaintiff was a stay-at-home parent before his date last insured;
that he cared for his four children, including a newborn and
three pre-teens while his wife worked between six or seven days a
week; and that he took welding classes are not consistent with
total disability.  Tr. 28.  The ALJ also noted Plaintiff's report
to Anthony Woodward, M.D., in October 2001 that his general
health was "pretty good" other than problems with his right knee.
Tr. 29, 139.

     Based on this record, the Court finds the ALJ did not err
when she rejected Plaintiff's testimony because the ALJ provided
legally sufficient reasons based on substantial evidence in the
record for doing so.

**II.  The ALJ did not err when she gave little weight to lay-
       witness testimony.**

     Lay testimony regarding a claimant's symptoms is competent
evidence that the ALJ must consider unless he "expressly
determines to disregard such testimony and gives reasons germane
to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511
(9th Cir. 2001).

At the December 15, 2005, hearing, Plaintiff's wife, Carrie
Scoggins, testified Plaintiff was unable to do even sedentary
work because "the most comfortable position for him is laying
down," which he does 90% of the time.  Tr. 361.  She conceded a
doctor had not told Plaintiff that he needed to lie down that
often, but it was a matter of Plaintiff's "personal comfort."
Tr. 362.  She also testified Plaintiff could not pick up a sack
of potatoes or a full laundry basket.  Tr. 362.  Carrie Scoggins
confirmed Plaintiff cares for their four children while she
works, including their youngest child who was three at the time
of the hearing.  Tr. 363.  Finally she also stated Plaintiff's
headaches became more frequent and severe after he had meningitis
for the second time, which was after his date last insured.
Tr. 364.  The ALJ noted all of the physical limitations
identified by Carrie Scoggins either were not supported by
medical evidence on the record or became disabling after
Plaintiff's date last insured.

Based on this record, the Court finds the ALJ did not err
when she gave little weight to the testimony of Carrie Scoggins
because Carrie Scoggins did not identify any condition supported
by the medical record that disabled Plaintiff before his date
last insured.  For example, the ALJ noted the record did not
establish that a doctor advised Plaintiff to lie down 90% of the
time or that Plaintiff had disabling headaches before his date

12 - OPINION AND ORDER

last insured.  The Court finds the ALJ provided "reasons germane
to [Carrie Scoggins] for" giving her testimony little weight.

**III. The ALJ did not pose an incomplete hypothetical to the VE.**

Plaintiff contends the hypothetical that the ALJ posed to
the VE was incomplete because it did not include all of
Plaintiff's limitations.

At the hearing, the ALJ presented a hypothetical claimant to
the VE who was a 47-year old individual with a GED and welding
certificate who is limited to sedentary work and who should not
engage in over-the-shoulder lifting, work in hazardous settings,
work on uneven surfaces, engage in rapid head movements, engage
in prolonged standing or walking, or engage in pedaling with his
right leg.  Tr. 367.  After reviewing the record, the Court finds
the hypothetical posed by the ALJ to the VE included Plaintiff's
limitations as set out by numerous doctors including Dr. Woodward
and Stanley E. Donahoo, M.D.  The Court already has found the ALJ
did not err when she found Plaintiff's testimony regarding his
symptoms not credible as to his physical condition before his
last date insured.

On this record, the Court finds the hypothetical posed by
the ALJ to the VE is supported by the record.  Accordingly, the
Court concludes the ALJ did not err when she omitted limitations
alleged by Plaintiff and unsupported by the medical record before
his date last insured.

13 - OPINION AND ORDER

Accordingly, the Court concludes the ALJ did not pose an incomplete hypothetical to the VE.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 5th day of December, 2008.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER